IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 17, 2013 Session

## CHRISTOPHER LANCE ALLEN v. ROBBIE MARIE ALLEN

**Appeal from the Chancery Court for Rutherford County**
**No. 060456DR      Robert E. Corlew, III, Chancellor**

---

## No. M2013-00271-COA-R3-CV - Filed April 28, 2014

---

Mother appeals the trial court's denial of her petition to modify child support. We reverse and remand for entry of a judgment setting child support in accordance with this opinion and for an award of attorney fees to Mother.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Brad W. Hornsby and Heather C. Parker, Murfreesboro, Tennessee, for the appellant, Robbie Marie Allen.

Bert W. McCarter and Aaron J. Conklin, Murfreesboro, Tennessee, for the appellee, Christopher Lance Allen.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Robbie Allen ("Mother") and Lance Allen ("Father") were divorced in 2007. They have a now thirteen-year-old child from the marriage. The permanent parenting plan entered November 1, 2007 designated Mother as primary residential parent and set parenting time at 280 days for Mother and 85 days for Father. At the time of the hearing to determine

1

Father's income for child support purposes, Father worked at his family's successful trucking company, Venture Express. The court initially set Father's gross annual income at $72,800 per year ($6,066 per month) based on his salary, other compensated expenses from Venture Express, and imputed income, and set Father's corresponding child support obligation at $939.00 per month. Father remarried in 2009.

On April 30, 2009, Father filed a petition to modify child support seeking to decrease his child support obligation because of his "loss of job." After a hearing and by order entered July 24, 2009, the trial court found "a material change in circumstances in that [Father] is now out of favor with his family and as such a substantial deviation exists between the amount of child support currently ordered and that in [sic] which is required under the current guidelines" and, accordingly, reduced Father's child support obligation to $486.00 monthly, based on a $2,600 per month imputed income. Father then unsuccessfully petitioned the court to further modify child support. The child support worksheet incorporated in the trial court's July 24, 2009 order set Mother's income at $1,200 per month. At that time, Mother and the minor child received TennCare benefits.

On April 13, 2010, Mother petitioned for modification of child support based on a change in her income, the addition of healthcare and work-related childcare costs, and her claim that Father was back in favor with his family such that they met all his financial needs.[1] Father submitted an answer and counter-petition alleging that "he is currently unemployed due [to] injuries and is seeking Social Security Disability Benefits" and seeking to care for the child after school and during the summer to avoid childcare expenses. Father also filed a petition to enforce the parenting plan which was to be considered along with his counter-petition and Mother's petition to modify child support.

The trial court heard these matters on November 9, 2011, December 22, 2011, January 17, 2012, and May 7, 2012. The evidence adduced at these hearings, which included the child's testimony, showed that the child returned to Mother's home during Father's parenting time on September 4, 2010, had not revisited Father since that date, and did not want to spend time with Father. Father testified that he came back in favor with his family and began speaking with them again sometime after the 2009 hearing on the petition to decrease his child support obligation, but that he had not worked for Venture Express in any capacity since April 2009. Father admitted to vacationing at Wilderness in the Smokies Resort in 2010 and at his parents' Perdido Key, Florida condo in 2009, 2010, and 2011. Father further explained that his wife pays all of the monthly expenses, including his child support obligation, and that he drives a vehicle that Venture Express owns and pays insurance on.

---

[1] After the July 2009 order was entered, Mother began a new job that increased her income but added medical insurance and childcare expenses.

At the beginning of the May 7, 2012 final hearing, Father nonsuited his claims and the trial court granted the nonsuit. Thereafter, the parties presented evidence only pertaining to Mother's petition to modify child support. Mother confirmed that she cares for the child 365 days per year and put forth evidence of her income and of the child's daycare, dental insurance, and health insurance costs. Brad Allen, CEO of Venture Express and Father's brother, testified that the value of Father's company car and accompanying insurance is $250.00 per month and that Venture Express does not further compensate Father. Father testified that he continued not to work, that he applied for Social Security disability benefits two-and-a-half years before the May 7, 2012 hearing, and that he was awaiting a ruling on his appeal of the initial denial of benefits.

At the conclusion of trial, the court issued its oral ruling which was set forth in an order entered October 3, 2012. The trial court found that Mother's income, childcare expenses, and dental and health insurance expenses for the minor child were undisputed. As to the number of parenting days for child support purposes, the court noted that:

> Counsel for [Father] is correct that the last [July 24, 2009] order provided the number of days for the Father. Counsel for the Mother is correct that if the matter is reviewed based upon a modification situation today, the Court would have to recognize that the Mother likely would be calculated at three hundred sixty-five (365) days and the Father at zero (0) days of parenting time.[2]

The trial court further found that Father no longer worked for Venture Express, yet continued to receive a $250.00 per month car as a benefit and concluded " that the only benefit that the Father is getting from Venture Express is the car and insurance." The court did not find "any proof in the record demonstrating that the Father is voluntarily refraining from being employed and/or not working again." As to the calculation of child support, the court found as follows:

> The Court acknowledges that with the additional income the Mother has and all of the additional expenses, a child support calculation needs to be completed. The Court's initial contemplation is that it will be found that there is not a significant variance in the child support amount, and thus it cannot be raised, thereby denying the Petition filed by the Mother. Nonetheless, the Court will hold that issue under advisement and impose on both Counsels to do those calculations and run the formula.

---

[2] Because the trial court did not have before it a petition to modify the existing parenting plan, the court ordered that child support be based on the existing plan which designated 280 days of parenting time for Mother and 85 for Father.

3

This Honorable Court finds the proof to show that there has been a considerable number of months between hearings in this matter, and the Father continues not to work. Thus, based upon those circumstances, there is no justification for increasing the child support. Respectfully, the only new factors are the Mother's new job with increased income, increased child care, and increased insurance expenses.

Mother moved the court to alter or amend its ruling, arguing that the court should have set Father's imputed income at $2,600 per month, as it found in the 2009 order, and that Father's resulting child support obligation should have been increased to at least $713.00 per month. After denying Mother's motion to alter or amend, the trial court entered a final agreed order on April 30, 2013 in which the parties agreed that based upon the court's finding of $250.00 monthly income and 85 days of parenting time for Father and their subsequent calculations, there existed no significant variance that would warrant an increase in the child support amount under the child support guidelines.

Mother appeals and assigns as error the trial court's findings that Father's income for child support purposes is $250.00 per month and that the child support calculation should be based upon the number of parenting days set forth in the original parenting plan, rather than the actual number of days each party spends with the child. Mother also seeks to recover the attorney fees she incurred at trial and on appeal.

STANDARD OF REVIEW

The initial determination and later modification of a child support order is governed by Tenn. Code Ann. § 36-5-101; however, trial courts retain a certain amount of discretion in their decisions regarding child support. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). The discretion afforded the trial court "is bounded on all sides by the child support guidelines."[3] *Smith v. Darmohray*, No. M2003-00236-COA-R3-JV, 2004 WL 904095, at *4 (Tenn. Ct. App. Apr. 27, 2004) (citing *Butler v. Butler*, 680 S.W.2d 467 (Tenn. Ct. App. 1984)). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). When considering a trial court's factual findings, we review the record de novo with a presumption that the court's findings are correct, absent a showing that the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); *see Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000).

---

[3] Tenn. Comp. R. & Regs. 1240-02-04-.04.

4

Modification of an existing child support order must be based on a "significant variance, as defined in the child support guidelines . . . between the guidelines and the amount of support currently ordered." Tenn. Code Ann. § 36-5-101(g)(1). A "significant variance" is defined as "at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order." Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(c). However, "[t]he necessity to provide for the child's health care needs shall also be a basis for modification of the amount of the order, regardless of whether a modification in the amount of child support is necessary." Tenn. Code Ann. § 36-5-101(g)(2); *see also* Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(a) (stating that "the necessity of providing for the child's health care needs shall be a basis for modification regardless of whether a modification in the amount of child support is warranted by other criteria.").

At the time of trial, the existing child support order was the 2009 order in which the trial court used the child support worksheet and the income shares model to determine that Father's presumptive child support obligation was $486.00 per month, based upon an imputed monthly income of $2,600. In this case, modification of the existing child support order was warranted based on undisputed evidence that, after the 2009 order was entered, Mother took on the $97.75 per month cost of the child's health and dental insurance. *See* Tenn. Code Ann. § 36-5-101(g)(2). Mother's gross income of $2,170.83 per month and work-related child care costs of $260.00 per month are also undisputed, as the trial court found. Thus, at the conclusion of trial, the only variables remaining for the court's determination for the purpose of calculating child support were Father's income and the number of days each parent spends with the child. We will consider each variable in turn.

*Evidence of Father's Income*

Mother interprets the trial court's October 3, 2012 order to reflect a finding that Father's *total* monthly income should be "a mere $250.00 per month." Father's interpretation is that the "Trial Court did not find any great benefit was added [to Father] by being 'back in favor' with the family, only finding a $250.00 monthly benefit, which the trial court ordered to be *added to* Father's income." (Emphasis supplied).

The parties are admittedly and understandably confused about the trial court's ruling. At the time of the final hearing, the only petition before the court was Mother's petition to increase child support; there was no petition by Father to decrease his child support obligation. Furthermore, the evidence demonstrates that Father's current circumstances are the same as they were in 2009 when the trial court ordered a reduction in his monthly income

from an initial $6,066 to $2,600 based on his job loss and becoming "out of favor" with his family: Father continues not to work. Father testified that he is now back in favor with his family and the resulting monetary benefit he receives is a company car valued at $250.00 per month, as the trial court found. Because Father's company car is a "fringe benefit" that reduces his personal living expenses, it must be counted as income. Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a).

Based on the evidence in the record, Father's income for purposes of calculating child support shall be set at $2,850 per month.[4]

*Parenting Days Used in Child Support Calculation*

The trial court acknowledged that if Mother had petitioned for modification of the parenting plan, then 365 days of parenting time for Mother and zero days for Father would be included in the child support calculation. Mother argues that the trial court should have considered the actual number of days the child spends with each parent because she "has assumed the added financial burden of caring for the minor child the 85 days per year that the child support order assumes Father is taking care of the child."

As to this issue, the child support guidelines state that the child support worksheet should reflect "the number of days each child spends with each parent and/or non-parent caretaker." Tenn. Comp. R. & Regs. 1240-02-04-.08(2)(a)(1). Clearly, "the Guidelines contemplate that the number of 'days' spent with each parent, as reflected on the worksheet, will be the actual number of days spent in the care of each parent, as opposed to the number of days established under the permanent parenting plan." *Ghorashi-Bajestani v. Bajestani*, No. E2013-00161-COA-R3-CV, 2013 WL 5406859, at *9 (Tenn. Ct. App. Sept. 24, 2013) (perm. app. denied). The undisputed testimony indicates that Mother cares for the child 365 days yearly and that the child and Father have not visited since September 2010. Therefore, we conclude that the trial court erred in its calculation of child support by failing to consider the actual number of days each parent spent with the child.

Child support shall be calculated based upon the actual number of annual days Mother and Father exercise parenting time—365 days for Mother and zero days for Father—rather than the number of days contemplated in the permanent parenting plan.

It appears that based on Mother's monthly income of $2,170.83, Father's monthly income of $2,850, the costs of the child's health and dental insurance ($97.75 per month),

---

[4] $2,850 per month is the sum of the $2,600 per month income imputed to Father and the $250 fringe benefit.

and childcare ($260.00 per month), and the number of parenting days (365/0), a significant variance, as defined by Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(c), will exist. If, on remand, the trial court finds that a significant variance has been established, then Father's child support obligation shall be modified and set pursuant to the current income shares guidelines.

*Attorney Fees*

Mother seeks to recover the attorney fees she incurred at trial and on appeal "related to the issue of modification of child support." Tennessee Code Annotated section 36-5-103(c) provides that a party may recover its reasonable and necessary attorney fees in cases involving the custody and support of children, including fees incurred on appeal. *Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008). In light of our disposition of this case, on remand the trial court may reconsider a reasonable attorney fee award to Mother for fees that relate to the issue of child support modification. We have determined that an attorney fee award for Mother's successful appeal is appropriate and, on remand, the court is directed to make such an award.

CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment denying Mother's petition to modify child support and remand for entry of a judgment setting child support in accordance with this opinion. Costs of appeal are assessed against the appellee, Christopher Lance Allen, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

7